IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO BENNETT, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:24-cv-01098-KM |
| LVNV FUNDING, LLC, | : |
| Defendant. | : |

**<u>DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT</u>**

Defendant LVNV Funding, LLC ("LVNV") respectfully submits its Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

## I.     INTRODUCTION

1. Admitted in part; denied in part. LVNV admits Plaintiff asserts claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and seeks damages. LVNV denies all remaining allegations in ¶ 1 of the Complaint.

## II.     JURISDICTION AND VENUE

2. Admitted in part; denied in part. LVNV admits only the accuracy of any properly quoted language from the referenced provision. After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 2 of the Complaint, and on that basis, the allegations are denied.

1

3.     LVNV denies that it "transacts business" in Monroe County, Pennsylvania. After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 3 of the Complaint, and on that basis, the allegations are denied.

### III.   PARTIES

4.     Admitted in part; denied in part. LVNV admits on information and belief that Plaintiff is a natural person. After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in ¶ 4 of the Complaint, and on that basis, the allegations are denied.

5.     After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 5 of the Complaint, and on that basis, the allegations are denied.

6.     LVNV admits the allegations in ¶ 6 of the Complaint.

7.     LVNV denies the allegations in ¶ 7 of the Complaint.

8.     After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 8 of the Complaint, and on that basis, the allegations are denied.

9. After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Complaint, and on that basis, the allegations are denied.

10. LVNV denies the allegations in ¶ 10 of the Complaint.

11. LVNV denies the allegations in ¶ 11 of the Complaint.

## IV.   STATEMENT OF CLAIM

12. The foregoing responses are incorporated as if fully restated and set forth here.

13. Admitted in part; denied in part. LVNV admits the accuracy of any properly quoted language from the referred to provision. LVNV denies all remaining allegations in ¶ 13 of the Complaint.

14. Admitted in part; denied in part. LVNV admits the accuracy of any properly quoted language from the referred to provision. LVNV denies all remaining allegations in ¶ 14 of the Complaint.

15. Admitted in part; denied in part. LVNV admits that Plaintiff owes LVNV for the unpaid balance on the relevant account. The phrase "attempting to collect" is vague and open to multiple reasonable interpretations, thus LVNV cannot admit to the truth or falsity of the allegation. To the extent a response is required, and on this basis, LVNV denies the allegation. LVNV denies all remaining allegations in ¶ 15 of the Complaint.

16. After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 16 of the Complaint, and on that basis, the allegations are denied.

17. Admitted in part; denied in part. LVNV admits it is the current owner of the relevant account. LVNV denies all remaining allegations in ¶ 17 of the Complaint.

18. LVNV denies the allegations in ¶ 18 of the Complaint.

19. Admitted in part; denied in part. LVNV admits that on June April 24, 2023, LVNV's counsel filed a lawsuit against Plaintiff in Magisterial District Court on LVNV's behalf. LVNV denies all remaining allegation in ¶ 19 of the Complaint.

20. After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity as to Plaintiff's allegation that he "provided his notice of intention to defend against the Collection Suit," and on that basis, the allegations are denied. LVNV denies notice of Plaintiff's intention to defend was sent to LVNV, directly, rather than to LVNV's counsel.

21. LVNV denies the allegations in ¶ 21 of the Complaint.

22. After a reasonable investigation, LVNV lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 22 of the Complaint, and on that basis, the allegations are denied.

23. Admitted in part; denied in part. LVNV admits that it did not have a representative for the company present at the June 15, 2023 hearing. LVNV denies all remaining allegations in ¶ 23 of the Complaint.

24. Admitted in part; denied in part. LVNV admits, on information and belief, that the Magisterial District Court entered judgment in favor of Plaintiff at the hearing. LVNV denies all remaining allegations in ¶ 24 of the Complaint.

25. LVNV denies the allegations in ¶ 25 of the Complaint.

LVNV denies that Plaintiff is entitled to any relief, including the relief requested in the paragraph beginning with "WHEREFORE."

## V.     DEMAND FOR JURY TRIAL

26. LVNV admits Plaintiff demands a jury trial. LVNV also requests a jury trial.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

To the extent LVNV's conduct violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, which is denied, the violation was not intentional and was the result of bona fide error notwithstanding LVNV's maintenance of procedures reasonably adapted to preventing similar violations.

WHEREFORE, Defendant LVNV Funding, LLC respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff; dismiss

Plaintiff's Complaint with prejudice; and further award all such other relief as is just and appropriate.

                            Respectfully submitted,

                            **MESSER STRICKLER BURNETTE, LTD.**

By:   */s/ Lauren M. Burnette*
        LAUREN M. BURNETTE, ESQUIRE
        PA Bar No. 92412
        12276 San Jose Blvd.
        Suite 718
        Jacksonville, FL 32223
        (904) 527-1172
        (904) 683-7353 (fax)
        lburnette@messerstrickler.com
        *Counsel for Defendant*

Dated: July 10, 2024

## **CERTIFICATE OF SERVICE**

I certify that on July 10, 2024, a true copy of the foregoing document was served on all unrepresented parties and counsel of record by electronic service and/or U.S. Mail, postage prepaid.

          **MESSER STRICKLER BURNETTE, LTD.**

By:  */s/ Lauren M. Burnette*
      LAUREN M. BURNETTE, ESQUIRE
      PA Bar No. 92412
      12276 San Jose Blvd.
      Suite 718
      Jacksonville, FL 32223
      (904) 527-1172
      (904) 683-7353 (fax)
      lburnette@messerstrickler.com
      *Counsel for Defendant*

Dated: July 10, 2024